**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CALVIN LEE MARSHALL
ADC # 90207                                                                                              PLAINTIFF

V.                                          5:09-cv-00128-BSM-JJV

ANTHONY BURDEN, Sgt., Varner Super Max, Arkansas
Department of Correction; NATASHA MARTIN, Mental Health
Counselor, Varber Super Max, Arkansas Department of Correction;
JOE PAGE, Captain, Varner Super Max, Arkansas Department
of Correction; WENDY KELLY, Deputy Director,
Arkansas Department of Correction; and DOES, John/Jane
1-3, Varner Super Max, Arkansas Department of Correction                     DEFENDANTS

## **ORDER**

Plaintiff filed this action *pro se* pursuant to 42 U.S.C. § 1983, charging the Defendants with the use of excessive force and denial of due process in responding to Plaintiff's suicidal ideations. Pending before the Court are various motions filed by the Plaintiff, which will be addressed in turn.

**I.      Motions for the Appointment of Counsel**

Plaintiff has submitted two motions (Doc. Nos. 15 & 18) seeking the appointment of counsel pursuant to 28 U.S.C. § 1915, which authorizes the court to request an attorney to represent an individual who is unable to afford counsel.  There exists no statutory or constitutional right for an indigent to have counsel appointed in a civil action for damages.  *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985); *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980)(per curiam).  Rather, "[i]n civil rights matters the court may pursuant to [28 U.S.C. § 1915(e) ], 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a 'request.'" *Mosby v. Mabry,* 697 F.2d 213, 214 (8th Cir. 1982).

The trial court must exercise "a reasoned and well-informed discretion" in deciding whether to appoint counsel. *Sours v. Norris*, 782 F.2d 106, 107 (8th Cir. 1986)(citation omitted). The factors to consider in determining whether or not to appoint counsel have been articulated as follows:

> Foremost among the 'certain factors' that an appointing court must consider is an analysis of the merits of the indigent litigant's claims from both a factual and legal standpoint. [It is] clear that a court need not appoint counsel when it considers the indigent's chances of success to be extremely slim. In addition to the merits of a case, a court may consider any of a number of factors. Among these factors are the complexity of the legal issue presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the relative substantive value of the claims presented.

*Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982)(citations omitted). *See also Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992); *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

Some of the problems inherent in the appointment of counsel in *pro se* civil cases brought by indigent litigants were discussed in *Ferguson v. Fleck*, 480 F. Supp. 219 (W.D.Mo. 1979):

> The Eighth Circuit has ruled that members of the Federal Bar should expect such appointments on an infrequent basis. . . . Recognizing the time-consuming burdens undertaken by attorneys prosecuting Federal civil litigation, and the problems which would be invited if all colorable claims of indigents were automatically referred to appointed counsel, a troublesome issue of selectivity is imposed on the courts. Care must be exercised to avoid altering the practice of infrequently asking lawyers to serve in civil matters . . . . Meritorious claims, however, would generally benefit from the assistance of counsel, but the court has few facilities permitting a forecast of substantial merit.

*Id* at 222.

Although the court does have the inherent power to appoint counsel in limited circumstances, the United States Supreme Court has held that "[28 U.S.C.] § 1915(d) [now (e) ] does not authorize the federal courts to make coercive appointments of counsel." *Mallard v. United States Dist. Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989).

At this stage in the proceedings, prior to the disposition of the Defendants' Motion to

Dismiss, the Court does not deem it necessary to appoint counsel. *See e.g., Skipper v. Jefferson City Corr. Ctr.*, No. 09-4004-CV-C-SOW, 2009 WL 2044657, slip op. at *3-*4 (W.D. Mo. July 10, 2009)(plaintiff's claims were "yet subject to challenge by dispositive motions. After the parties have had an opportunity to file the appropriate motions and the court has ruled on said motions, plaintiff may again request appointment of counsel.")  The Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel. It appears to the Court that Plaintiff possesses the ability to articulate his claims and to argue his positions, and that he will be able to communicate effectively with the Court. Moreover, the Court is presently satisfied that appointment of counsel would not substantially benefit the Court or Plaintiff. Therefore, Plaintiff's requests for counsel are denied.

## II.     Motion to Compel

Plaintiff has also submitted a "Motion to Compel" (Doc. No. 22), which the Court will consider despite its lack of certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. FED. R. CIV. P. 26(c)(1). Defendants have not responded to the Motion nor sought a protective order forbidding the discovery.

With respect to Plaintiff's requests for audio and video tapes that may have been generated at the time of the events, counsel for the Defendants is directed to place a litigation hold - if that has not already been done - on any such evidence in the possession of the Defendants or the Arkansas Department of Correction. If counsel has not already done so, the parties should treat this Order as giving rise to that preservation obligation. In this matter the evidence will be preserved for the Court's review if and when this matter is scheduled for a pre-jury hearing.

As for Plaintiff's request for copies of his own medical records, that request is denied. The

Arkansas Department of Correction and Correctional Medical Services have administrative rules in place providing for the proper manner and timing for an inmate to review his medical records, regulations which have been developed within the context of the prison security system and with which this Court chooses not to interfere.   Nor will the Court compel the Defendants to provide to Plaintiff personnel records of the Defendants, or medical or mental health records of other inmates, as the Court does not consider these to be within the parameters of discoverable information.

### III.    Motion to Amend

Lastly, in response to Defendants' Motion to Dismiss (Doc. No. 11), Plaintiff seeks leave of the Court to amend his original Complaint in order to explicitly state he is naming the Defendants in both their individual and official capacities.  In support of his Motion to Dismiss, Defendant asserts that this action must be dismissed, pursuant to the Eleventh Amendment of the United States Constitution, because Plaintiff failed to state in his Complaint that he sues Defendant in his individual capacity.

The Eleventh Amendment prohibits federal courts from granting monetary relief against state officials sued in their official capacities.  *Edleman v. Jordan,* 415 U.S. 651, 663 (1974); *Murphy v. Arkansas*, 127 F.3d 750, 754 (1997).  However, a plaintiff may seek monetary damages against a state official if he or she sues the official in his or her individual or personal capacity.  *Nix v. Norman*, 879 F.2d 429, 433 n.3 (8th Cir. 1989).  The Eighth Circuit has held that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)(citations omitted);

*see also Egerdahl v. Hibbing Comm. College*, 72 F.3d 615, 619 (8th Cir.1995).[1]

Although Plaintiff neglected to explicitly state in his Complaint that he sues Defendants in their individual capacities, the Court is vested with discretion to grant a plaintiff's request to amend the pleadings.[2] *See Nix v. Norman*, *supra* (instructing plaintiff of her right to seek to amend her complaint to allege individual-capacity liability).  Accordingly, for good cause shown, Plaintiff's Motion is GRANTED to recognize his claim of individual capacity liability.

## IV.   Conclusion

For all these reasons, it is THEREFORE ORDERED that:

1. Plaintiff's Motions for Appointment of Counsel (Doc. Nos. 15 & 18) are DENIED;

2. Plaintiff's Motion to Compel (Doc. No. 22) is DENIED; and

3. Plaintiff's Motion to Amend (Doc. No. 23) is GRANTED.

DATED this 25th day of September, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] In *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997), the Court explained the grounds for requiring that individual capacity claims be clearly pleaded, stating:
> We do not require that personal capacity claims be clearly-pleaded simply to ensure adequate notice to defendants. We also strictly enforce this pleading requirement because 'the Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees.'  Although other circuits have adopted a more lenient pleading rule, we believe that our rule is more consistent with the Supreme Court's Eleventh Amendment jurisprudence.

[2] Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely given when justice so requires." *Id.*  The Eighth Circuit has construed this Rule to mean that, absent a good reason for denial– such as "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment"– leave to amend should be granted. *Thompson-El v. Jones*, 876 F. 2d 66, 67 (8th Cir. 1989)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).